UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROBERT BONCZEK,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES NATIONAL ROOFING INDUSTRY PENSION PLAN; ZENITH ADMINISTRATORS, Third-party Administrative Manager; and AGENT FOR SERVICE OF LEGAL PROCESS, Wilson-McShane Corporation,<br><br>Defendants. | Case No. 14-cv-3768 (JRT/LIB)<br><br>REPORT AND RECOMMENDATION |

---

Plaintiff Robert Bonczek brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., against defendants in this case. Bonczek did not pay the filing fee for this matter, but instead filed an application to proceed *in forma pauperis* ("IFP") in this litigation. The matter has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Bonczek's IFP application and complaint. Based on that review, this Court recommends dismissal of any claims brought by Bonczek against defendant "Agent for Service of Legal Process."

Where an IFP applicant files a complaint that fails to state a claim against a defendant, that defendant may be dismissed from the action at the outset of the case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Gaten v. Hudson*, 141 F.3d 1168 (8th Cir. 1998) (unpublished table disposition). In reviewing whether a complaint states a claim on which relief may be granted as to a defendant, this Court must accept as true all of the factual allegations in the complaint and

draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Roughly speaking, Bonczek alleges in his complaint that defendants Board of Trustees Roofing Industry Pension Plan and Zenith Administrators illegally deprived him of pension benefits to which he had become vested. Although Bonczek may not succeed on his claims under ERISA against those defendants, those claims are at least cognizable, and this Court believes that this case should proceed against those defendants. In a separate order filed contemporaneously with this Report and Recommendation, the Court will grant Bonczek's IFP application and order that the complaint be served on the two defendants identified above.

Conversely, this Court is at a loss as to why defendant "Agent for Service of Legal Process"   identified elsewhere in the complaint as Wilson-McShane Corporation ("Wilson-McShane")   is included in this litigation. From the complaint and the documents attached to the complaint, it appears that Wilson-McShane's only role in this events at issue in this litigation was to forward information from the other defendants regarding the pension fund to Bonczek. If this is true, than it is highly doubtful that Bonczek will be able to bring viable claims against

Wilson-McShane under ERISA. At a minimum, he has not adequately alleged a cause of action against that defendant in his pending complaint.

In fairness to Bonczek, it is not entirely clear that he intended to include Wilson-McShane as a defendant in this case. He does not list that party in the caption to any of the documents he filed in this case, and his complaint and accompanying documents barely even mention Wilson-McShane. It appears that Bonczek alluded to Wilson-McShane only to indicate that he believed the summons for the other defendants should be served upon Wilson-McShane and he wished to indicate this to the Clerk of Court. This would explain, for example, why Wilson-McShane is identified as "Agent for Service of Legal Process" in the complaint.

But regardless of whether Bonczek intended to raise a claim against Wilson-McShane in his complaint, he has not in fact adequately alleged facts giving rise to a viable cause of action against that party. Accordingly, this Court recommends that any claims against Wilson-McShane be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDATION that any claims against defendant Agent for Service of Legal Process be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 2, 2014    s/Leo I. Brisbois
                                                   Leo I. Brisbois
                                                   U.S. MAGISTRATE JUDGE

NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 16, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.