**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

ROBERT BONCZEK,

Plaintiff,

v.

BOARD OF TRUSTEES NATIONAL ROOFING INDUSTRY PENSION PLAN; ZENITH ADMINISTRATORS, Third-Party Administrative Manager; and AGENT FOR SERVICE OF LEGAL PROCESS, Wilson-McShane Corporation,

Defendants.

Civil No. 14-3768 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Bonczek, P.O. Box 18782, Minneapolis, MN 55418, *pro se*.

Thomas C. Atmore and Thomas R. Haugrud, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD**, 100 South Fifth Street, Suite 2500, Minneapolis, Minnesota 55402, and Librado Arreola, **ASHER, GITTLER & D'ALBA, LTD.**, 200 West Jackson Boulevard, Suite 1900, Chicago, IL 60606, for defendants.

Robert Bonczek filed this *pro se* action under the Employee Retirement Income Security Act ("ERISA"), against the Board of Trustees National Roofing Industry Pension Plan ("National Roofing Industry Pension Plan"), Zenith Administrators, and Agent for Service of Legal Process, Wilson-McShane Corporation (together, "Defendants"). Bonczek did not pay the filing fee for this matter, but instead filed an application to proceed *in forma pauperis* ("IFP"). Based on a review of Bonczek's IFP application and complaint, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") on October 2, 2014, recommending that the Court

dismiss Bonczek's claims against defendant Agent for Service of Legal Process, Wilson-McShane Corporation ("Agent for Service of Legal Process" or "Wilson-McShane").

This matter is before the Court on Bonczek's objections to the R&R recommending dismissing with prejudice all claims against Wilson-McShane. Pursuant to Federal Rule of Civil Procedure 72(b)(3) and D. Minn. LR 72.2(b)(3), the Court has reviewed *de novo* the portions of the R&R to which Bonczek objects. Because the Court concludes that Bonczek fails to state a claim against Agent for Service of Legal Process / Wilson-McShane, the Court will dismiss any claims against Agent for Service of Legal Process.[1] The Court will sustain Bonczek's objections, however, to the extent they object to dismissal with prejudice. Thus, the Court will dismiss Bonczek's claims against Agent for Service of Legal Process without prejudice.

## BACKGROUND

### I. Bonczek's Claim

Bonczek alleges that defendants National Roofing Industry Pension Plan and Zenith Administrators breached their fiduciary duty when they deprived him of pension benefits in which he had become vested. (Compl., Attach. 1 ¶¶ 7–10, 14(k), (l), 18, Sept. 23, 2014, Docket No. 1.) Bonczek turned 65 on January 19, 2008, at which point he became eligible to retire and receive full retirement benefits from the National

[1] The Court acknowledges Bonczek's position that he is not raising any claims against Wilson-McShane. Wilson-McShane was listed as a defendant on Bonczek's complaint form, however, which caused the Clerk of Court to identify Wilson-McShane as a defendant from whom Bonczek is attempting to obtain relief. Dismissing any claims against Agent for Service of Legal Process, Wilson-McShane is simply the mechanism by which the Court formally communicates to all parties that Bonczek does not have any claims against Wilson-McShane.

Roofing Industry Pension Plan. (*Id.* at 16.) On May 25, 2010, Bonczek received a letter from the National Roofing Industry Pension Plan stating that their "records indicate that you are approaching or have attained age 65 and have participated in the Fund at least 5 years without a loss of service." (*Id.* at 75.) The letter explained:

> You may be eligible to begin receiving pension benefits whenever you wish to stop working. If you continue to work after your Normal Retirement Date (NRD), your retirement benefit payments will not begin until you decide to actually retire and apply for them. The Plan is required to commence benefit payments no later than April 1st following the year in which you attain 70½.
>
> When you are an active employee, you will continue to accrue a benefit under the Plan in accordance with its terms. . . . The Plan does not, however, make up or otherwise adjust your benefit for months you could have received a Plan payment but chose not to do so.

(*Id.*)

In addition to National Roofing Industry Pension Plan and Zenith Administrators, Bonczek also named Wilson-McShane as a defendant in part of his complaint. (Compl. ¶ 2(c).) But, in the attachment to the complaint in which Bonczek explains the nature of his claim, Bonczek does not list Wilson-McShane as a defendant and does not raise any claims against them.

Upon a review of Bonczek's complaint and the documents attached to it, Wilson-McShane appears to be a third-party administrator of National Roofing Industry Pension Plan's pension fund. (Compl., Attach. 1, Ex. E at 50.) Chris Reitmeier, a pension specialist at Wilson-McShane, corresponded with Bonczek about his retirement benefits. (*Id.* at 50, 55-56.) Reitmeier does not appear to be a decision-maker with respect to Bonczek's benefits; it appears that Reitmeier's role – and, in turn, Wilson McShane's

role – was solely to convey information to Bonczek from the National Roofing Industry Pension Plan's Fund Office. (*Id.*) In Bonczek's description of the nature of his case, he explains that he met with Reitmeier on August 7, 2014, to discuss some of his benefits concerns, but Bonczek does not allege that Reitmeier committed any wrongs against him. (Compl., Attach. 1, ¶ 14.)

## II. Procedural History

On October 2, 2014, the Magistrate Judge issued an R&R recommending dismissal with prejudice of any claims against Wilson-McShane. (R&R at 3, Oct. 2, 2014, Docket No. 4.) Pursuant to Local Rule 72.1(a)(1), the parties had fourteen days to file objections to the R&R. The deadline passed without the submission of any objections by either party. As a result, the Court issued an Order adopting the R&R. (Order Adopting R&R, Oct. 22, 2014, Docket No. 6.) The following day, Bonczek filed a motion to extend the deadline for objections. (Req. for Extension of Time to Appeal the R&R ("Extension Mot."), Oct. 23, 2014, Docket No. 8.) At the same time, he raised several objections to the R&R. (Objection to R&R ("First Objections"), Oct. 23, 2014, Docket No. 9.) On November 3, 2014, this Court granted Bonczek's motion and stayed the order adopting the R&R. (Order Granting Extension Mot., Nov. 3, 2014, Docket No. 10.) Bonczek then filed a new set of objections on November 5, 2014. (Resp. to Order Adopting R&R ("Second Objections"), Nov. 5, 2014, Docket No. 11.)

## DISCUSSION

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915, federal courts may authorize a civil action to proceed without prepayment of fees if a person submits an affidavit indicating that he or she is unable to pay the fees. However, if the court determines that the action "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) directs the court to dismiss the case. *See Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (explaining that 28 U.S.C. § 1915(e)(2)(B)(ii) "allows a court to dismiss, prior to service of process and without leave to amend, an IFP action or appeal if it fails to state a claim on which relief may be granted"). To properly state a claim, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). That is, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 1974.

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when considering a dismissal for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Even liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

### II. BONCZEK'S OBJECTIONS TO R&R

Bonczek has submitted two sets of objections – the first, filed on October 23, 2014, raises several challenges to the R&R. After being given an extension to respond to

the R&R, Bonczek filed a second set of objections on November 5, 2014. The Court has reviewed both sets of objections.

**A. Dismissal of Wilson-McShane as a Defendant**

In his first set of objections, Bonczek explains that Wilson-McShane is addressed in the complaint because they are listed as the Agent of Legal Process. (First Objections at 1.) He notes in his second set of objections that it was an error to name Agent for Service of Legal Process, Wilson-McShane as a defendant on the complaint form supplied by the Clerk of Court. (Second Objections at 1.) As Bonczek makes clear in both sets of objections, he has not brought any substantive claims against Wilson-McShane. Therefore, the Court will dismiss Wilson-McShane as a defendant.

Bonczek objects that the Court should not dismiss "non-existent claims and possible future claims . . . in advance." (*Id.* at 2.) Liberally construing Bonczek's objection, the Court will treat this as an objection to the "with prejudice" nature of the Magistrate Judge's recommended dismissal. The Court understands Bonczek to be arguing that he should not be permanently barred from raising future claims against Wilson-McShane if it turns out that Wilson-McShane violated a fiduciary duty to Bonczek or otherwise harmed him, and he is able to sufficiently plead facts that would support such a claim.

Courts have interpreted 28 U.S.C. § 1915(e)(2)(B) as granting trial courts discretion to dismiss actions either with or without prejudice. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988) ("Congress intended to leave the decision to dismiss

with or without prejudice in the district court's discretion."); *Goodroad v. Bloomberg*, No. 97-2091, 1997 WL 633078, *1 (8th Cir. Oct. 15, 1997) (affirming dismissal of *pro se* complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii)). The ultimate decision as to whether a Court should dismiss with or without prejudice turns on "whether the deficiencies in the complaint could be cured by amendment. If the allegations show that an arguable claim is 'indisputably absent,' then the district court should dismiss the case with prejudice . . . ." *Smith-Bey*, 841 F.2d at 758. Because a *pro se* plaintiff is owed a liberal reading of his pleadings to account for his lack of legal training, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Eighth Circuit has generally approved dismissals **without** prejudice. *See, e.g.*, *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 218 & n.3 (8th Cir. 1975).

In this case, the Court concludes that Wilson-McShane should be dismissed **without** prejudice. By Bonczek's own admission, he does not currently have any claims against Wilson-McShane. (First Objections at 2; Second Objections at 1.) Because it appears that Wilson-McShane was a third-party administrator of the National Roofing Industry Pension Plan during the relevant time period, though, it is possible that as Bonczek proceeds in this litigation, details may come to light which would enable him to plead sufficient facts to state a claim against Wilson-McShane connected to his claim for lost pension benefits. Given that Bonczek is proceeding *pro se*, the Court will not foreclose him at this point from being able to bring future claims against Wilson-McShane should such claims arise. The Court takes no position on whether such claims

would likely be successful, nor on whether Bonczek's claims against the Board of Trustees National Roofing Industry Pension Plan and Zenith Administrators are likely to succeed on the merits.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS in part** Bonczek's objections [Docket Nos. 9 and 11] and **REVERSES in part** the Report and Recommendation of the Magistrate Judge [Docket No. 4]. **IT IS HEREBY ORDERED** that:

1. The Court's October 22, 2014 Order Adopting the Report and Recommendation [Docket No. 6] is **VACATED**.

2. Defendant Agent for Service of Legal Process, Wilson-McShane Corporation is **DISMISSED without prejudice** from the present action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED: April 23, 2015
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge