UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT BONCZEK, | Civil No. 14-3768 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |
| BOARD OF TRUSTEES NATIONAL ROOFING INDUSTRY PENSION PLAN, and ZENITH ADMINISTRATORS, | |
| Defendants. | |

Robert Bonczek, P.O. Box 18782, Minneapolis, MN 55418, *pro se*.

Librado Arreola, **ASHER, GITTLER & D'ALBA, LTD.**, 200 West Jackson Boulevard, Suite 1900, Chicago, IL 60606, and Thomas R. Haugrud and Thomas C. Atmore, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, for defendant Board of Trustees National Roofing Industry Pension Plan.

Thomas R. Haugrud and Thomas C. Atmore, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, for defendant Zenith Administrators.

Plaintiff Robert Bonczek filed a complaint against Defendants Board of Trustees National Roofing Industry Pension Plan (the "Pension Plan") and Zenith Administrators ("Zenith") on September 23, 2014.  (Compl., Sept. 23, 2014, Docket No. 1.)  The Pension Plan filed its answer on April 27, 2015, and Zenith filed its answer on June 29, 2015. (Pension Plan's Answer, Apr. 27, 2015, Docket No. 57; Zenith's Answer, June 29, 2015,

Docket No. 63.) On October 30, 2015, Bonczek filed a document titled "Amended Request Relief." (Am. Req. for Relief, Oct. 30, 2015, Docket No. 86.) In this filing, Bonczek requests various new forms of relief not included in his complaint. (*Id.*) On November 5, 2015, United States Magistrate Judge Leo I. Brisbois issued an order striking Bonczek's Amended Request for Relief without prejudice as having been filed in error. (Order, Nov. 5, 2015, Docket No. 89.) The Magistrate Judge construed the filing as a motion to amend the complaint and found that Bonczek failed to comply with applicable procedural requirements contained in Federal Rule of Civil Procedure 15 and District of Minnesota Local Rules 7.1(b) and 15.1(b). (*Id.* at 2-3.) The Magistrate Judge noted that Bonczek remains free to file a motion for leave to amend his original complaint, provided that he complies with the above rules. (*Id.* at 3.)

On November 20, 2015, Bonczek filed a document titled "Motion for Dismissal of Magistrate Brisbois Order of 11/05/15." (Mot. for. Dismissal of Order, Nov. 20, 2015, Docket No. 94.) In this filing, Bonczek argues that he was not trying to amend his complaint to add new forms of relief, but rather, that he was seeking to "clarify" the relief that he already requested. (*Id.* at 1.) Bonczek points to a paragraph in his complaint in which he writes: "Since I'm not sure of what is appropriate relief, I'm asking that the Judge award all additional relief to which I'm entitled." (*Id.* at 1-2.) Bonczek argues that his Amended Request for Relief merely clarifies the meaning of the phrase "all additional relief to which I'm entitled." (*Id.*) Bonczek asks the Court to change the name of his October 30, 2015, filing from "Amended Request for Relief" to "Clarification of Request

for Relief." (*Id.* at 2.) Bonczek also asks the Court for a "dismissal" of the Magistrate Judge's order striking his Amended Request for Relief. (*Id.*)

Because *pro se* filings are to be construed liberally, the Court will construe Bonczek's November 20, 2015, filing as an appeal of the Magistrate Judge's order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions*, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

Here, the Court finds that the Magistrate Judge's order was not clearly erroneous. Federal Rule of Civil Procedure 15 governs a plaintiff's ability to amend his or complaint, which includes seeking additional prayers for relief. *See, e.g.*, *Wilson v. City of St. Louis*, No. 4:08-13, 2008 WL 2952773, at *1 (E.D. Mo. July 30, 2008). Bonczek's attempt to distinguish his filing as a clarification rather than an amendment of the complaint is unavailing – Bonczek unequivocally seeks new forms of relief. Under Rule 15(a)(1), a plaintiff must obtain the opposing party's written consent or the court's leave to amend the complaint if more than twenty-one days have passed since the complaint was served or a Rule 12(b) motion was filed. As the Magistrate Judge noted, more than twenty-one days have elapsed and Bonczek neither obtained Defendants' written consent nor sought leave from the Court prior to filing his Amended Request for Relief. Accordingly, Bonczek's Amended Request for Relief was procedurally improper. As the Magistrate Judge additionally noted, Bonczek also failed to comply with pertinent local

rules.  Local Rule 7.1(b) provides that a plaintiff moving to amend the complaint must file a notice of hearing and a meet and confer statement; Bonczek did not do this.  Local Rule 15.1(b) further provides that a plaintiff must file a proposed amended complaint along with a red-lined version; Bonczek again did not do this.

In finding no clear error, the Court reiterates the Magistrate Judge's guidance: Bonczek remains free to file a motion for leave to amend his complaint in compliance with Federal Rule of Civil Procedure 15 and District of Minnesota Local Rules 7.1(b) and 15.1(b).

### ORDER

Based on foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objection [Docket No. 94] and **AFFIRMS** the Order of the Magistrate Judge [Docket No. 89].

DATED: February 1, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court